UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00211

**Jay Williams,**
*Plaintiff,*

v.

**Nancy Perryman,**
*Defendant.*

# ORDER

Plaintiff Jay Williams, an inmate confined within the Henderson County Jail proceeding pro se, filed this civil-rights lawsuit, alleging false imprisonment. The case was referred to a magistrate judge, who issued a report and recommendation (Doc. 6) that the court dismiss plaintiff's lawsuit for failure to comply with a deficiency order regarding the filing fee (Doc. 2). The court mailed the report to plaintiff at his last known address on October 12, 2023. Since then, plaintiff has not filed objections or otherwise communicated with the court. The timeframe for objections has long since expired.

When there have been no timely objections to a magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report, and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Plaintiff's lawsuit is dismissed for failure to comply with an order of the court.

The court does recognize that such dismissal is functionally with prejudice because this civil-rights action, in the absence of any equitable tolling, will be likely time barred if plaintiff refiles. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191–92 (5th Cir. 1992) (holding that dismissal for failure to prosecute where further litigation would be time-barred constitutes a dismissal with prejudice, which is appropriate only where "there is a clear

record of delay or contumacious conduct by the plaintiff"). However, on this record, where plaintiff has not communicated with the court for almost two years and, in that time, has not complied with a court order (Doc. 2) or responded to the magistrate judge's October 11, 2023 report and recommendation (Doc. 6), the court is also unable to conclude that equitable tolling is warranted. *See Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (unpublished) (equitable tolling was not appropriate where plaintiff had "failed to establish that he actively pursued his judicial remedies or otherwise acted diligently").

Faced with these competing considerations, and because plaintiff is free to move for reconsideration of this order under Federal Rules of Civil Procedure 59 and 60, the court determines that dismissal is appropriate at this stage. *See Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (noting that dismissal with prejudice can be appropriate where there are "significant periods of total inactivity"). Any pending motions are denied as moot.

*So ordered by the court on July 23, 2025.*

J. CAMPBELL BARKER
United States District Judge